UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DYLAN REED SINN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 1:11-cv-1401-TWP-TAB |
| | ) | |
| OFFICER MOYE and OFFICER CRAIG BARNETT, | ) ) | |

**Entry Discussing Motion to Amend**

Plaintiff Dylan Sinn's complaint was filed on October 19, 2011, and was screened on December 12, 2011. Mr. Sinn then filed the present motion to amend on June 19, 2013.

The orderly development and eventual resolution of this action depends on it moving forward, not backward. In *Sanders v. Venture Sotres, Inc.,* 56 F.3d 771 (7th Cir. 1995), the court cited a number of its published decisions which had affirmed the denial of a motion to amend after the filing, briefing or decision of a motion for summary judgment. The principal basis of the court's decisions in these cases was unwarranted delay and the burden an amended complaint would bring to the litigation. Those features are conclusive here, as well, where the motion to amend in this action arrived a year and a half after the Court's original screening Entry and at a time in which the parties are expected to be working toward resolution of the action. Further, the motion fails to comply with Local Rule 15-1. This rule requires a motion to amend to include a copy of the proposed amended pleading. "Amendments to a pleading must reproduce the entire pleading as amended." Local Rule 15-1.

Based on the foregoing, therefore, Mr. Sinn's motion to amend complaint [dkt 49] is **denied**. Because an amended complaint will not be permitted, Mr. Sinn's motion for service of process [dkt 50] is also **denied**.

**IT IS SO ORDERED.**

Date: 07/26/2013 _____

_[signature]_

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Dylan Reed Sinn
DOC #123644
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, IN 46064

Electronically Registered Counsel